UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOE ELTON MOSLEY, LLC | Case No. 3:20-cv-00184-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| WALMART, *et al.*, | |
| Defendant. | |

*Pro Se* Plaintiff Joe Elton Mosley brings this action for assault, slander, incarceration, and civil rights violations. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb recommending that the Court dismiss this action and deny Plaintiff's *in forma pauperis* ("IFP") application (ECF No. 1) as moot. (ECF No. 3.) Plaintiff had until April 9, 2020, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and dismisses this action in its entirety.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed.

1 | R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Nevertheless, the Court conducts *de novo* review to determine whether to accept the R&R. Judge Cobb identifies several defects in Plaintiff's action. First, Judge Cobb notes that Plaintiff seems to adhere to the "sovereign citizen" anti-government movement by attempting to assert a claim "on behalf of himself as an individual, and on behalf of himself, as a limited liability company." (ECF No. 3 at 3.) However, as Judge Cobb explains, courts nationwide have rejected these types of "sovereign citizen" theories. (*Id.* at 4.) Judge Cobb also finds no evidence of a Joe Elton Mosley, LLC registered in the states of Nevada or Minnesota—therefore, Joe Elton Mosley, LLC has no legal right to sue. (*Id.* at 5.) Moreover, Judge Cobb notes that even if Joe Elton Mosley pursued this action as an individual, this case is duplicative of the previously filed case 3:20-cv-164-MMD-CLB. (*Id.*)[1] Finally, Judge Cobb explains that because a corporate entity cannot proceed *pro se* in this Court, Joe Elton Mosley—who is not an attorney licensed to practice in this state—cannot represent Joe Elton Mosley, LLC. (*Id.* at 5–6.) Therefore, Judge Cobb recommends that this action be dismissed with prejudice and the IFP application denied as moot. (*Id.* at 6.) Upon reviewing the R&R and underlying complaint, this Court finds good cause to adopt Judge Cobb's recommendation in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 3) is adopted in its entirety.

It is further ordered that this action is dismissed in its entirety with prejudice.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is denied as moot.

///
///
///

---

[1] Mistakenly referred to as 3:20-cv-184-MMD-WGC in the R&R.

2

The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 10th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE